# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA CLINE, et al., <br>     Plaintiffs, <br> v. <br> CHAZ REETZ-LAIOLO, <br>     Defendant. <br><br> CHAZ REETZ-LAIOLO, et al., <br>     Plaintiffs, <br> v. <br> EMMA CLINE, et al., <br>     Defendants. | Related Case Nos. 3:17-cv-06866-WHO and 3:17-cv-06867-WHO <br><br> **ORDER GRANTING PARTIES LEAVE TO FILE AMENDED COMPLAINTS** <br><br> Re: Dkt. No. 66 (Case No. 16-cv-6866); Dkt. No. 78 (Case No. 16-cv-6867) |

On June 28, 2018, I issued an order addressing the parties' motions to dismiss, and granted them 30 days to file amended complaints. Order Granting in Part and Denying in Part Motions to Dismiss ("the Order")(16-cv-6866, Dkt. No. 63; 16-cv-6867, Dkt. No. 74). Each side filed motions for leave to file amended complaints in accordance with the Order and within the designated time. Mot. for Leave to File First Am. Complaint (16-cv-6866, Dkt. No. 66); Mot. for Leave to File Third Am. Complaint (16-cv-6867, Dkt. No. 78). Neither side has timely objected to the other's motion.

Federal Rule of Civil Procedure 15 dictates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Courts consider five factors when deciding whether to grant a motion for leave to amend pursuant to Rule 15: (i) bad faith on the part of the movant; (ii) undue delay in filing the motion; (iii) prejudice to the opposing party; (iv) futility of

amendment; and (v) whether the plaintiff has previously amended the complaint." *Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2015 WL 4104609, at *1 (N.D. Cal. July 7, 2015). "Above all, in exercising its discretion, the court 'must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Castillo-Antonio v. Mejia*, No. 14-cv-03637-JSC, 2014 WL 6735523, at *1 (N.D. Cal. Nov. 26, 2014).

The parties have pursued their amendments in good faith and have not unduly delayed. Further, the proposed amendments do not appear to be futile. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018)("[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense[.]'"). And there is little to no prejudice since this case is still in the earliest stages of discovery. *See Castillo-Antonio v. Mejia*, No. 14-CV-03637-JSC, 2014 WL 6735523, at *2 (N.D. Cal. Nov. 26, 2014)("Other courts have found prejudice when the amendment comes on the eve or close of discovery… ."). To the extent that the amendments cause any delay, it will likely impact both sides since both sets of plaintiffs seek leave to amend.

Since the factors support granting leave to amend, both plaintiffs' motions are GRANTED.

**IT IS SO ORDERED.**

Dated: August 6, 2018

William H. Orrick
United States District Judge